UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOEL VARGAS,

    Petitioner,

v.                                                          Civil No. 4:24-cv-329-P

CHRIS RIVERS,
FMC-Fort Worth,

    Respondent.

### OPINION AND ORDER OF DISMISSAL

Petitioner, Joel Vargas, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and supporting brief. ECF Nos. 1 and 2. Respondent Warden Chris rivers has filed a response with appendix, and Vargas filed a reply. ECF Nos. 11, 12 and 13.The Court, having considered the pleadings, and applicable authorities, concludes that the § 2241 petition must be **DENIED.**

### I.  OVERVIEW

Petitioner Vargas requests this Court defer the payment of restitution through the Inmate Financial Responsibility Program (IFRP) until the commencement of his supervised release. Pet. 5, ECF No. 1. Under federal law, restitution is due in full immediately unless the court provides for payment on a date certain or in installments. Here, the court did not do this, but recommended that Vargas participate in the IFRP. Additionally, participation in the IFRP is voluntary. Although inmates are encouraged to participate in the IFRP and to accept responsibility for their financial obligations, inmates are not required to participate in the IFRP. Further, inmates who choose not to participate, or who withdraw from participation, in the IFRP are not afforded opportunities available to those inmates who are meeting their financial obligations through the IFRP, but they are not punished for refusing to participate. Ultimately, it is the inmate's choice as to whether to participate.

### II.  BACKGROUND FACTS

On January 8, 2020, the United States District Court for the Eastern District of Texas sentenced Vargas to a total of 235 months imprisonment followed by 3 years of supervised release for conspiracy,

interstate transportation of stolen property, and witness tampering. Judgment, 1:18-CR-007-MAC-KFG(3)( E.D. Tex. January 20, 2020) , App. pp. 2-3. The Court ordered Vargas to pay a $400.00 special assessment, due immediately, and a total of $1,278,580.27 in non-interest bearing restitution. App. pp. 7-10. The court recommended "that the Defendant [Vargas] participate in the Inmate Financial Responsibility Program" and ordered immediate payment of the restitution. Pet. (Attached Sentencing Transcript) 13, ECF No. 1. Vargas agreed to pay $100 per month. Pet. 5, ECF No. 1.

### III.   ANALYSIS

#### A.   Overview of the IFRP

The IFRP is a voluntary program through which inmates commit a percentage of their income to payment of court-ordered obligations. *See* 28 C.F.R. §§ 545.10 & 545.11. As part of an inmate's initial classification, the unit team reviews the inmate's financial obligations and assists the inmate with developing a financial plan to meet those obligations. *Id.* The BOP considers an inmate's efforts to meet his or her financial obligations as indicative of the inmate's acceptance of responsibility. 28 C.F.R. § 545.10.

When developing the inmate's financial plan, staff first review an inmate's financial obligations, including special assessments, court-ordered restitution, fines and court costs, state or local court obligations, and other federal government obligations. 28 C.F.R. §545.11(a). Staff determine the total amount of funds deposited into the inmate's trust fund account during the previous six months, including funds the inmate earned through a prison work assignment and funds received from the community. *See* 28 C.F.R. § 545.11(b); BOP Program Statement 5380.08, *Inmate Financial Responsibility Program* ("P.S. 5308.08"), at p. 7. Staff then exclude $75.00 per month ($450.00 for six months) deposited into the inmate's account to allow the inmate to have telephone communication through the Inmate Telephone System. *See* 28 C.F.R. § 545.11(b). Staff also subtract any IFRP payments made during the previous six-month period from the inmate's trust fund deposit total. P.S. 5308.08, at p. 7-8. After the telephone credit and IFRP payments are subtracted from the inmate's funds, the remaining funds may be considered when calculating an inmate's IFRP payment amount. *Id.* The Unit Manager has the authority to determine whether an inmate's IFRP payments are commensurate with his or her ability to pay and makes this determination on a case-by-case basis after considering each inmate's unique circumstances. *See id.* at p. 8. Ordinarily, the minimum payment for an inmate who is not employed by UNICOR is $25.00 per quarter. 28 C.F.R. § 545.11(b)(1). The minimum payment may be more than $25.00

per quarter depending on the inmate's specific obligations, institution resources, and community resources. *Id.*

To encourage inmates to pay their court-ordered financial obligations while in BOP custody, the BOP affords certain privileges to inmates who are participating in the IFRP that are not available to those inmates who refuse to participate. If an inmate refuses to participate in the IFRP or refuses to comply with the provisions of his or her financial plan: (1) the Parole Commission will be notified of the inmate's failure to participate, if applicable; (2) the inmate will not receive furlough, other than possibly emergency or medical furlough; (3) the inmate will not receive performance pay above maintenance pay, and will not receive bonus pay or vacation pay; 4) the inmate will not be assigned to a work detail outside the secure perimeter of the facility; (5) the inmate will not be placed in UNICOR, and any inmate in UNICOR who fails to make adequate progress on his or her plan will be removed from UNICOR and may not be placed on a UNICOR waiting list for six months; (6) the inmate will be subject to more stringent commissary spending limits than the limits set for all inmates; (7) the inmate will be quartered in the lowest housing status; (8) the inmate will not be placed in a community-based program; (9) the inmate will not receive a release gratuity unless approved by the Warden; and (10) the inmate will not receive an incentive for participation in residential drug treatment programs. 28 C.F.R. § 545.11(d). Inmates who refuse to participate in IFRP will not earn First Step Act time credit. *Program Statement 5410.01 CN-2* at 3, 11, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4).

### B. Vargas's IFRP Agreement

Vargas signed a contract agreeing to pay $100.00 per month toward his financial obligation. Pet. 5, ECF No. 1; Brief 2, ECF No. 2. He may choose to cease participation at any point, but he will no longer be eligible for the benefits of participation if he does so. Vargas essentially asks this Court to pause restitution payments until the commencement of his supervised release. Pet. 7, ECF No. 1.

### C. No Constitutional Violation

An inmate does not have a constitutional right to the incentives available to those inmates who participate in the IFRP. *See Driggers v. Cruz*, 740 F.3d 333, 338 (5th Cir. 2014). "The conditions in § 545.11(d) amount to the loss of privileges, not the imposition of hardships upon non-participating inmates." *Id.; see also United States v. Warmus*, 151 F. App'x 783, 787 (11th Cir. 2005) ("[T]he IFRP is a voluntary program that was created to help inmates meet their financial responsibilities and the

benefits of the IFRP are not constitutionally guaranteed . . ..."); *see also Durham v.Hood*, 140 F. App'x 783, 785 (10th Cir. 2005) ("The IFRP . . . requires participating inmates to commit a percentage of their prison employment earnings towards the payment of court ordered restitution. Its constitutionality has been considered and upheld by other courts.") (citations omitted). Further, even if viewed as punishment, "[t]he imposition of the [refusal] conditions in § 545.11(d) does not violate an inmate's liberty interests under the Due Process Clause." *Driggers*, 740 F.3d at 338–339. Even though failing to participate in the IFRP "could jeopardize [an inmate's] participating in rehabilitative programs and placement in a halfway house, imposition of those conditions 'does not violate an inmate's liberty interests under the Due Process Clause.'" *United States v. Stark*, 56 F.4th 1039, 1041 (5th Cir. 2023) (quoting *Driggers*, 740 F.3d at 338-39).

In this case, Vargas has agreed to make payments toward his court-ordered obligations through the IFRP. There is no allegation that BOP staff failed to followed policy in determining the amount he should pay in order to be considered to be taking adequate responsibility for his financial obligations. Should Vargas disagree with the amount he is currently obligated to pay under the IFRP payment plan, he may refuse to participate and payments will no longer be deducted from his account. If he refuses to participate, Vargas will no longer be eligible for the benefits of participation, including FSA time credits, but he has no constitutional right to those benefits.

### IV.   CONCLUSION and ORDER

In sum, Vargas's petition under 28 U.S.C. § 2241 must be denied because he has not shown any constitutional violation that would entitle him to habeas corpus relief, and because participation in the IFRP is voluntary, and he may choose to cease his participation at any time.

It is therefore **ORDERED** that petitioner Joel Vargas's petition for relief under 28 U.S.C. § 2241 is **DENIED.**

**SO ORDERED** this **15th day** of **July 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE